UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARD EICHBAUER,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEM &
HENRY FORD HOSPITAL,

    Defendants.
_____/

Case No. 16-cv-11404

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE WHALEN'S
MAY 5, 2017 ORDER [34] AND OVERRULING PLAINTIFF'S AND DEFENDANTS'
OBJECTIONS [38, 39]**

**I. INTRODUCTION**

This matter came before the Court on Plaintiff's and Defendants' May 22, 2017 objections to Magistrate Judge R. Steven Whalen's May 5, 2017 Order Granting In Part And Denying In Part Plaintiff's Motion to Compel Discovery. *See* Dkt. Nos. 34, 38, 39. Defendants Henry Ford Health System and Henry Ford Hospital filed a response to Plaintiff's objections on June 5, 2017. Dkt. No. 43. No oral argument was heard.

For the reasons stated herein, the Court will **AFFIRM** Magistrate Judge Whalen's order and **OVERRULE** Plaintiff's and Defendants' objections [38, 39].

## II. STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). While Rule 72(b) provides a timeline in which a party may respond to opposing counsel's objections to a ruling on a dispositive matter, Rule 72(a) does not state that a response may be filed to objections. *Compare* FED. R. CIV. P. 72(a) *with* FED. R. CIV. P. 72(b). "When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge." E.D. Mich. LR 72.2.

As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review. FED. R. CIV. P. 72(a). The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have both held that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *U.S. Gypsum*, 333 U.S. at 395). This standard does not allow a reviewing court to reverse a magistrate

judge's finding merely because it would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014). *See also* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Sedgwick Ins.*, 47 F. Supp. 3d at 538 (quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the "contrary to law" standard requires the exercise of independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)).

### III. DISCUSSION

On July 13, 2016, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents upon Defendants. Dkt. No. 23, p. 2 (Pg. ID 115). In Interrogatories 12, 13, and 14 Plaintiff demanded that Defendants provide

3

information regarding other medical professions that tested positive for drugs and alcohol, had their drug administration investigated, or were referred to the Employee Assistance Program (EAP) instead of being terminated. *Id*. at 11. Defendants objected to these Interrogatories on the basis that they were "overly broad, ambiguous and seek[] information that is confidential and neither relevant nor calculated to lead to the discovery of relevant admissible information." Dkt. No. 23-2, pp. 14–16 (Pg. ID 159–61). When Plaintiff filed a motion to compel Defendants to answer the Interrogatories, Dkt. No. 23, Defendants argued that the requests were overly broad, irrelevant, and unduly burdensome. Dkt. No. 26, pp. 9–14 (Pg. ID 206–11).

On April 11, 2017, Magistrate Judge R. Steven Whalen held a hearing on the motion to compel and granted in part and denied in part the motion on the record. Dkt. No. 36. On May 5, 2017, Magistrate Judge Whalen ordered Defendants to provide responses to Interrogatories Nos. 12, 13, and 14, with the following limitations:

> (1) "Medical personnel" means providers of medical services who have direct patient contact at Henry Ford Hospital's main campus and the four ambulatory centers where Plaintiff worked, who were so employed from January, 2013 to the present, and who are above the pay grade of Nurse but below the pay grade of physician.
>
> (2) Names, Social Security Numbers, and other personal identifying information shall be redacted.

Dkt. No. 34, p. 1 (Pg. ID 519).

4

In objecting to Magistrate Judge Whalen's resolution, Defendants arguments mirror those they argued regarding the motion to compel: that this discovery is overly broad, unduly burdensome, disproportionate to the case's needs, and contrary to law. Dkt. No. 39, p. 2 (Pg. ID 576). Plaintiff argues that Magistrate Judge Whalen provided too narrow a group of health care providers and too limited a time frame. Dkt. No. 38, pp. 1–2 (Pg. ID 552–53).

Essentially, the parties disagree about which of Defendants' employees are similarly situated to Plaintiff. In the Sixth Circuit, the key to determining whether a "comparator" is similarly situated depends whether the individuals are similar in all relevant respects and engaged in acts of comparable seriousness. *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751 (6th Cir. 2012). Courts should not assume that specific factors apply to every claim of discrimination or that comparators must be exactly correlated with the plaintiff. *Id*. Instead, courts must "make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). "[D]ifferences in job activities [do] not destroy comparator status because such differences do not 'automatically constitute a meaningful distinction that explains the employer's differential treatment of the two employees.' " *Bobo*, 665 F.3d at 751 (quoting *Ercegovich*, 154 F.3d at 353).

5

Defendants rely on *Mitchell v. Toledo Hospital* for the argument that individuals against whom a plaintiff seeks to compare himself or herself "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." 964 F.2d 577, 583 (6th Cir. 1992). In the twenty-five years since *Mitchell* was issued, the Sixth Circuit has repeatedly clarified that *Mitchell*'s "same supervisor" language is not "an inflexible requirement," but rather "depends upon the facts and circumstances of each individual case." *McMillan v. Castro*, 405 F.3d 405, 414 (6th Cir. 2005) (quoting *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 479 (6th Cir. 2003)). *See also Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013); *Bobo*, 665 F.3d at 751. Courts should not define "similarly situated" in such a narrow and restricted fashion that it makes it "virtually impossible for [a] plaintiff to make a prima facie showing." *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 412 (6th Cir. 2008).

Here, Plaintiff presented Magistrate Judge Whalen with evidence that there was an unwritten policy wherein employees performing direct patient care were to be terminated if they were found to be under the influence of drugs or alcohol. Dkt. No. 38-1, p. 9 (Pg. ID 569). According to deposition testimony, this policy did not allow for discretion to refer Plaintiff to the EAP rather than terminate him. *Id.* This

unwritten policy, as alleged, is contrary to Defendants' written policy that provides for "corrective action, up to and including termination," as well as a possible reference to the EAP where employees are found to be under the influence of drugs or alcohol. Dkt. No. 27-1, pp. 4–5 (Pg. ID 234–35).

Given the facts of this case, the Court is not persuaded that the employees with whom Plaintiff was similarly situated must have dealt with the same supervisor. More recent precedent suggests that similarities need only extend to relevant aspects of the case. For instance, here relevance extends to those who were "engaged in acts of comparable seriousness," *Bobo*, 665 F.3d at 751, such as being investigated for being under the influence of drugs or alcohol while directly caring for patients.

Of those who engaged in similar conduct, the group should then be narrowed to employees who "were similar in all relevant respects." *Id*. The Court agrees with Magistrate Judge Whalen's assessment that Plaintiff, a Certified Registered Nurse Anesthetist (CRNA), is not similar in all relevant respects with physicians, who have undergone more medical training and play a different role in patient care. Similarly, the Court agrees what Plaintiff is not similar in all relevant respects to registered nurses, who are not required to attain the same level of education and training as CRNAs and perform a different role in patient care. Providers of

7

medical services who engage in direct patient care,[1] and whose qualifications are between the two above groups, bear similarity to Plaintiff in the relevant respects. To require Defendants to provide records on all medical providers, regardless of education level, position or role in patient care, would be overly burdensome and outside the scope of the relevant inquiry. *See* FED. R. CIV. P. 26(b)(1).

Regarding geography, the Court finds, as Magistrate Whalen did, that relevancy extends only to the locations where Plaintiff actually worked—Henry Ford Hospital's main campus and four ambulatory centers—rather than every facility at which any of Defendants' thousands of employees works. Finally, as to time, Magistrate Judge Whalen limited that time period to January 2013, finding that discovery back to 2011 was overly broad. As Plaintiff was terminated in December 2014, discovery back to January 2013 provides him with information for the final two years of his employment with Defendants. This time period is temporally relevant to Plaintiff's claims and not contrary to law or clearly erroneous.

---

[1] Magistrate Judge Whalen used the phrase "direct patient contact" in his Order, Dkt. No. 34, but uniformly used the phrase "direct patient care" during the April 11th hearing where the matter was resolved. No. 36, pp. 14, 25 (Pg. ID 536, 547). Based on the entire transcript, as well as the deposition testimony upon which the ruling was grounded, the Order should be interpreted to apply to employees who perform "direct patient care." *See* Dkt. No. 34 ("For the reasons and *under the terms stated on the record* on April 11, 2017 . . . .") (emphasis added).

Accordingly, the Court finds Magistrate Judge Whalen's decision to be consistent with Federal Rule of Civil Procedure 26(b)(1), as the burden or expense of Plaintiff's originally proposed discovery outweighs its likely benefit. Based on the facts in the record and current Sixth Circuit precedent, the Court will affirm Magistrate Judge Whalen's decision. While reasonable jurists could have reached different results, neither party has shown that the decision is clearly erroneous or contrary to law.

## IV. Conclusion

The Court has reviewed Magistrate Judge Whalen's order, the transcript of the hearing, and the parties' objections, and finds there is no evidence that the determination was clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiff's Appeal [38] and Defendants' Objection [39] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Whalen's Order is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: June 21, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge